**UTILITIES INSURANCE CO. OF MISSOURI v. STATE INSURANCE BOARD et al.**

No. 27898.    Sept. 27, 1938.

Rehearing Denied Nov. 29, 1938.

Moss & Powell, for petitioner.

Mac .Q. Williamson, Atty. Gen., Houston W. Reeves, Asst. Atty. Gen., John Barry, and Rittenhouse, Webster & Rittenhouse, for respondents.

HURST, J. This is an action to review a final order of the State Insurance Board entered on April 12, 1937, which denied petitioner the right to deviate from the rate schedule approved and fixed by the board on October 1, 1936, for the writing of contracts of insurance for bodily injury and property damage incurred in the operation of automobiles.

It appears that the rate schedule approved by the board as applicable to all companies writing such insurance was prescribed by what is referred to as the "conference group" of insurance companies using rates fixed by the National Bureau of Casualty and Surety Underwriters. Petitioner is a "nonconference company" and desires to use its own rate schedule based upon its own underwriting experience, which rate schedule is about 20 per cent. lower than the schedule approved by the board.

It is contended by respondent that this court has no jurisdiction to entertain this proceeding for review, because the petitioner did not appeal within 30 days from the order of October 1, 1936. Section 10547, O. S. 1931 (36 Okla. St. Ann. sec. 145), provides that the State Insurance Board shall not make any regulation or order without giving the insurance companies concerned at least ten days' notice and opportunity to appear and be heard in respect to the same; and if any insurance company shall be dissatisfied, it "shall have the right within 30 days after the making of said regulation or order to have the same reviewed in an original action before the Supreme Court of this state, by having a certified copy of said order and of said proceeding before said board filed with the clerk of said court. * * *" The order of October 1, 1936, does not appear in the record, and there is nothing to show whether notice was given, or whether a hearing was had. The statute, of necessity, contemplates a review of an order made upon due notice and after full hearing in order that there may be something here for review. We do not know the nature of the order of October 1, 1936, other than that it specified a certain rate schedule, and we think that under the record, the order now sought to be reviewed is the one contemplated by the statute. We therefore entertain jurisdiction.

Aside from that, the questions of law involved are identical to those determined in the American Druggists' Fire Insurance Co. v. State Insurance Board, 184 Okla. 66, 84 P.2d 614. Under the rules therein announced, petitioner has the right under the Oklahoma rating law to file its own rate schedule in deviation from the rate schedule approved for all companies of the same class, subject to the approval of the board.

The decisive question, therefore, is whether under the evidence the proposed rate is inadequate for the safety and soundness of the company. The rule governing our review of the order herein involved is that the finding of the board is binding upon us unless it appears to be contrary to the law or the evidence. Associated Industries v. State Insurance Board (1935) 173 Okla. 41, 46 P.2d 361. We think that the evidence before us is so insufficient that we could not say that the order of the board denying the right to charge the proposed rate is contrary to the evidence, had the order been based on the evidence. Nowhere in the record does there appear a financial statement of the company, and although there is evidence regarding the premium income and the loss ratio, there is no evidence as to operating overhead, expense load, and such facts as are necessary to be considered in determining the adequacy of a rate schedule. Neither does the record disclose the net profit made by the company prior to the order of October 1, 1936, nor does it show what dividends, if any, were paid to stockholders. Moreover, the petitioner has been operating as a stock company in this state only since 1932, and although it operates in a total of eleven states, we think the evidence introduced pertaining to its underwriting experience may well appear to be inadequate.

However, in view of the fact that the record discloses that the order denying the right to deviate from the approved rate schedule was made exclusively under the view of the law that no such deviation is authorized, we are constrained to say that no finding on this issue can be inferred.

It is therefore ordered that the order of April 12, 1937, be vacated for further proceedings not inconsistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and DAVISON, JJ., concur. RILEY, J., absent.