COOPER COMPANY OF GAINESVILLE *v.* THE STATE.

No. 12667. FEBRUARY 14, 1939.

*Herbert R. Edmondson,* for plaintiff in error.

*B. B. Zellars*, *assistant attorney-general, Robert McMillan, solicitor-general, Bryan & Mobley, G. Fred Kelley*, and *R. W. Smith Jr.*, contra.

JENKINS, Justice. 1. "It is well settled by its decisions that this court will not declare an act of the legislature unconstitutional and void unless the repugnancy between the act and the constitution is clear and palpable." *Wright* v. *Fulton County*, 169 *Ga.* 354 (150 S. E. 262) ; *Wright* v. *Hirsch*, 155 *Ga.* 229 (116 S. E. 795).

2. The business of insurance is one so clothed with a public interest, affecting the community at large, as to render it peculiarly subject to proper governmental regulation. German Alliance Insurance Co. *v.* Lewis, 233 U. S. 389 (34 Sup. Ct. 612, 58 L. ed. 1011, L. R. A. 1915C, 1189).

3. The general rule has long been settled, that "the right of a foreign corporation to engage in business within a State other than that of its creation depends solely on the will of such other State." Therefore such other State "has the power, if she allows any such [foreign insurance] companies to enter her confines, to determine the conditions on which the entry shall be made. And, as a necessary consequence of her possession of these powers, she has the right to enforce any conditions imposed by her laws as preliminary to the transaction of business within her confines by a foreign corporation, . . and she has also the further right to prohibit a citizen from contracting within her own jurisdiction with any foreign company which has not acquired the privilege of engaging in business therein, either in his own behalf or through an agent empowered to that end." Such an intrastate transaction does not fall within the guaranty of the fourteenth amendment of the Federal constitution. Hooper *v.* California, 155 U. S. 647, 652, 655, 658 (15 Sup. Ct. 207, 39 L. ed. 297). But there is a vital distinction between acts done within and acts done without the jurisdiction of the State; and since under such amendment a citizen of a State has "a right to contract outside of the State for insurance on his property," the power of the State does not extend to such extraterritorial transactions, and a statute imposing restrictions thereon is in violation of the due-process provision of that amendment. Allgeyer *v.* Louisiana, 165 U. S. 578, 588, 590, 593 (17 Sup. Ct. 427, 41 L. ed. 832) ; St. Louis Compress Co. *v.* Arkansas, 260 U. S. 346, 349 (43 Sup. Ct. 125, 67 L. ed. 297).

4. Since the Code, § 56-529, prohibits the acceptance of policies of insurance issued by non-admitted companies in violation of the preceding section, and since that section prohibits non-admitted companies from engaging in such business only "within the limits of this State," and "does not apply to the issuance and acceptance of a policy without the limits of this State" (*Pacolet Mfg. Co.* v. *Weiss,* 185 *Ga.* 287 (2) (194 S. E. 568)), under the rules set forth in division 3 of this syllabus the act is not unconstitutional as violative of the "due-process" clause of the Federal and State constitutions.

5. Since the plaintiff in error states in its brief that the only question in the case is whether the legislative act is unconstitutional, and since the ground of general demurrer that the petition states no cause of action is not argued or insisted on, it does not devolve upon this court to determine from the allegations of the petition whether, in issuing the policy, the insurance company did "engage in such business within the limits of this State." Without making any ruling or intimation on that question, see Bothwell v. Buckbee-Mears Co., 275 U. S. 274 (48 Sup. Ct. 124, 77 L. ed. 277); *Pacolet Mfg. Co.* v. *Weiss,* supra.

6. It is the general rule that where the class including the complaining party is not prejudiced by the alleged discrimination, he will not be heard to attack the constitutionality of a statute under the "equal-protection" clause of the fourteenth amendment of the Federal constitution on the ground that it discriminates and denies equal protection between other classes. Southern Ry. Co. v. King, 217 U. S. 524, 534 (30 Sup. Ct. 594, 54 L. ed. 868); Aluminum Co. v. Ramsey, 222 U. S. 251, 255 (32 Sup. Ct. 76, 56 L. ed. 185); Collins v. Texas, 223 U. S. 288, 295 (32 Sup. Ct. 286, 56 L. ed. 439); Murphy v. California, 225 U. S. 623, 630 (32 Sup. Ct. 697, 56 L. ed. 1229, 41 L. R. A. (N. S.) 153); Hatch v. Reardon, 204 U. S. 152, 160 (27 Sup. Ct. 188, 51 L. ed. 415, 9 Ann. Cas. 736); 6 R. C. L. 90, § 88; 32 L. R. A. (N. S.) 954-968, note and cit. Accordingly, the defendant corporation, being a resident of Georgia, will not be permitted to complain of the alleged discrimination between two classes of non-residents, to neither of which it belongs. *Cooper* v. *Rollins,* 152 *Ga.* 588, 593 (110 S. E. 726, 20 A. L. R. 1105). *Judgment affirmed. All the Justices concur.*

ATKINSON, P. J., concurs in the result.