**In the Matter of the Application for a Writ of Habeas Corpus of Cosmo A. DALOIA, Appellant,**

**v.**

**B. J. RHAY, Superintendent of the Washington State Penitentiary at Walla Walla, Washington, Appellee.**

**No. 15636.**

United States Court of Appeals
Ninth Circuit.

Feb. 14, 1958.

Rehearing Denied March 12, 1958.

Cosmo A. Daloia, Walla Walla, Washington, in pro. per., for appellant.

John J. O'Connell, Atty. Gen., Michael R. Alfieri, Asst. Atty. Gen., State of Washington, for appellee.

Before FEE and HAMLEY, Circuit Judges, and SOLOMON, District Judge.

HAMLEY, Circuit Judge.

This is an appeal by Cosmo A. Daloia from an order denying his application for a writ of habeas corpus.

In June, 1955, Daloia was tried before a jury in the Superior Court of the State of Washington, in and for King County, on a charge of second degree assault. A verdict of guilty was entered, and, on June 10, 1955, he was sentenced to serve not more than ten years in the Washington state penitentiary.[1] No appeal was taken.

On October 19, 1956, the Supreme Court of the State of Washington denied the application of Daloia for a writ of habeas corpus.[2] Certiorari was thereafter denied by the United States Supreme Court, Daloia v. Schneckloth, 352 U.S. 1011, 77 S.Ct. 581, 1 L.Ed.2d 557.

The instant application for a writ of habeas corpus was filed in the United States District Court for the Eastern District of Washington on May 29, 1957. It was on that day denied on the court's own motion, without issuance of a writ or an order to show cause. The trial court thereafter issued a certificate of probable cause, thus enabling Daloia to appeal. See 28 U.S.C.A. § 2253.

In dismissing the application without issuance of a writ of habeas corpus or an order to show cause, the district court

---

1. The record before us does not contain a copy of the judgment of conviction and sentence. The information concerning the form of sentence is taken from appellant's brief.

2. The order of denial entered in Washington Supreme Court cause No. 33963 is unreported.

apparently invoked a provision of 28 U.S.C.A. § 2243. This statute provides, among other things, that a court, justice, or judge entertaining an application for such a writ shall forthwith award the writ or issue an order to show cause why the writ should not be granted, "unless it appears from the application that the applicant or person detained is not entitled thereto." [3]

On appeal, Daloia contends, in effect, that one or more of the grounds stated in his application are meritorious, and that it was therefore error to dismiss his application without issuance of an order to show cause.

Two grounds are stated in the application. The first of these is that the statute specifying the penalty for assault in the second degree permits a sentencing judge to sentence one who has been convicted of second degree assault as for a felony on the one hand, or as for a gross misdemeanor on the other hand.[4] This asserted discretion vested in the sentencing judge, Daloia contends, is repugnant to the equal protection clause of the Fourteenth Amendment of the federal constitution.[5]

■ The pertinent part of the penalty statute in question (RCW 9.11.020) reads as follows:

"Every person who, under circumstances not amounting to assault in the first degree—

\*　　\*　　\*　　\*　　\*

"Shall be guilty of assault in the second degree and be punished by imprisonment in the state penitentiary for not more than ten years or by a fine of not more than one thousand dollars, or by both."

The crime defined in this statute is a felony, because it is one which, under the terms of the statute, "may" be punished by imprisonment in the state penitentiary. It is no less a felony because, under the statute, a fine may be imposed as an alternative to a penitentiary sentence.[6] Nor does such a statute deny equal protection of the law because it provides for a wide range between the minimum and the maximum sentence which may be imposed for the same crime.[7]

■ It is only where, by reason of the form and structure of a penalty statute, prosecuting officials are given unlimited discretion to charge either a felony or misdemeanor (or gross misdemeanor) that equal protection is denied. Thus, in Olsen v. Delmore, 48 Wash.2d 545, 295 P.2d 324, a statute providing penalties for violations of the state firearms act, was held unconstitutional because it empowered prosecuting officials to charge either a gross misdemeanor or a felony.

■ The statute there in question (RCW 9.41.160) first provided for a fine or county jail sentence, followed by the words "or both," and then added another conjunctive "or," followed by a provision

---

3. The reasons given by the district court for denying the application without issuance of an order to show cause, as stated in the order, are as follows:

"\* \* \* Disregarding the allegations of the petition which, in effect, are mere conclusions of law, the said petition shows on its face that the petitioner is not entitled to a writ of habeas corpus in the above entitled cause, or an order to show cause why the same should not be issued."

4. In his brief on appeal, Daloia argues that the statute in question "permits the sentencing judge to sentence 3 men upon conviction of second degree assault in three different ways, namely, he may sentence one as for a felony; one as for

a gross misdemeanor; and one as for a misdemeanor."

5. It is also contended that this statute is repugnant to Art. I, § 12, of the constitution of the state of Washington. However, the fact that a state statute may be violative of a state constitutional provision is not ground for issuance of a writ of habeas corpus by a federal court. Andrews v. Swartz, 156 U.S. 272, 275, 15 S.Ct. 389, 39 L.Ed. 422. See, also, Sampsell v. People of State of California, 9 Cir., 191 F.2d 721, 723.

6. See RCW 9.01.020, defining crimes.

7. Howard v. Fleming, 191 U.S. 126, 24 S.Ct. 49, 48 L.Ed. 121; Ex parte Rosencrantz, 211 Cal. 749, 297 P. 15; Ex Parte McGee, 44 Nev. 23, 189 P. 622.

authorizing imposition of a penitentiary sentence. The penalty statute under examination in the instant case does not follow the peculiar form of RCW 9.41.-160. Because of this, the Washington Supreme Court in the Olsen case specifically distinguished the two statutes, citing RCW 9.11.020 as an example of a statute providing only a felony penalty. The federal courts are bound by the interpretation placed upon the statute of a state by its highest court. Ferguson v. Manning, 4 Cir., 216 F.2d 188.

We conclude that the penalty statute invoked in sentencing Daloia did not deny to him the equal protection of the laws, and that this asserted ground for his application is without merit.

The second ground stated in appellant's application for a writ of habeas corpus is that the sentence is void because no fine was imposed upon him in addition to the penitentiary sentence of ten years. He asserts that the sentencing judge was required to impose both the maximum penitentiary sentence (which he did) and a fine of one thousand dollars (which he did not), as specified in RCW 9.11.020. This was mandatory, appellant contends, under the provisions of the later enactment, RCW 9.95.010, which became law in 1935.[8]

■ This asserted ground for issuance of the writ is too frivolous to warrant much discussion. Assuming that the sentencing judge should have imposed a fine in addition to a penitentiary sentence, Daloia has not been prejudiced. Only one who has been placed at a disadvantage by reason of an asserted denial of equal treatment may raise the constitutional question.[9]

It is also appellant's contention, in connection with this second ground for issuance of a writ, that, in many second degree assault cases in the state of Washington, the only penalty assessed is a fine. Since, in his view, RCW 9.95.010 requires that the maximum penitentiary sentence be imposed, and since such a sentence was imposed in his case, Daloia asserts that this disparity of treatment constitutes a denial of the equal protection of the laws. Developing this point in his brief, Daloia argues that, because of the failure to repeal or amend RCW 9.11.020, permitting an alternative penalty of a fine, after the 1935 enactment, which is now RCW 9.95.010, sentencing judges have been given an "open invitation" to ignore the latter statute, which requires the sentencing judge to impose the maximum sentence.

■ RCW 9.95.010, enacted first in 1935, either did or did not repeal by implication that part of the prior statute, RCW 9.11.020, which authorizes the sentencing judge to impose a fine as an alternative penalty to penitentiary imprisonment, upon conviction of the crime of assault in the second degree. If this provision of RCW 9.11.020 was repealed by implication, sentencing judges no longer have authority to impose a fine as an alternative penalty. If they continue to do so despite the repeal of such provision, the disparity of treatment is not of a kind which denies appellant equal protection of the laws. See Lisenba v.

8. RCW 9.95.010 reads as follows:

"When a person is convicted of any felony, except treason, murder in the first degree, or carnal knowledge of a child under ten years, and a new trial is not granted, the court shall sentence such person to the penitentiary, or, if the law allows and the court sees fit to exercise such discretion, to the reformatory, and shall fix the maximum term of such person's sentence only.

"The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term. If the law does not provide a maximum term for the crime of which such person was convicted the court shall fix such maximum term which may be for any number of years up to and including life imprisonment but in any case where the maximum term is fixed by the court it shall be fixed at not less than twenty years."

9. See Kenosha Auto Transport Corp. v. City of Cheyenne, 55 Wyo. 298, 100 P.2d 109; Cooper Co. of Gainesville v. State, 187 Ga. 497, 1 S.E.2d 436.

People of State of California, 314 U.S. 219, 226, 62 S.Ct. 280, 86 L.Ed. 166.

If this provision of RCW 9.11.020 was not repealed by implication when RCW 9.95.010 was enacted, the sentencing judge retains discretion to impose a fine as an alternative punishment. As before noted, equal protection of the law is not infringed by a statute which provides for a wide range between the minimum and maximum sentence which may be imposed for the same crime.

We are therefore of the opinion that this second and last ground advanced by Daloia for issuance of a writ of habeas corpus is without merit.

The trial court did not err in dismissing the application without issuance of an order to show cause.

Affirmed.