## 21151. SOUTH-EASTERN UNDERWRITERS ASSOCIATION v. CRAVEY, Insurance Commissioner.

ARGUED JANUARY 10, 1961—DECIDED FEBRUARY 9, 1961.

*Robert S. Sams, Henry B. Troutman, Jr., Troutman, Sams, Schroder & Lockerman,* for plaintiff in error.

*Eugene Cook, Attorney-General, F. Douglas King, Assistant Attorney-General,* contra.

HEAD, Presiding Justice. The able trial judge correctly ruled that it is the duty of every court to inquire into its jurisdiction. He likewise correctly stated that rate making is legislative in character. He erred in the conclusion that the right of appeal to the Superior Court of Fulton County from findings or orders of the State Insurance Commissioner is equivalent to a direction by the General Assembly to the court to make rates.

In the present case the applicable rules of law with reference to appeal are set forth in subsections 3, 4, and 5 of section 17A of the act of 1959 (Ga. L. 1959, pp. 255, 262). (See an act approved March 8, 1960, entitled "Georgia Insurance Code of 1960," Ga. L. 1960, pp. 289, 376; *Code Ann.* § 56-518b, which incorporates the above provisions of the 1959 act.) Subsection 4 of section 17A of the act cited provides that the Superior Court of Fulton County "shall affirm, reverse or modify the Commissioner's ruling, order or decision appealed from."

Counsel have not cited, and our search has not revealed, any decision by this court pertaining to the jurisdiction, duties, and powers of a Judge of the Superior Court of Fulton County where an appeal is filed pursuant to the provisions of the act of 1959. The Constitution of 1945 in Art. VI, Sec. IV, Par. IV (*Code* § 2-3904), with reference to the jurisdiction of the superior courts, directs that "They shall have appellate jurisdiction in all such cases as may be provided by law." This provision likewise ap-

peared in the Constitution of 1877, Art. VI, Sec. IV, Par. IV. In *DeLamar v. Dollar*, 128 Ga. 57, 66 (57 S. E. 85), this court said: "The appellate jurisdiction of the superior court must be exercised, and can only be exercised in such cases as are provided by law."

The correct rule in most jurisdictions applicable to similar appeals is properly stated by the Supreme Court of Appeals of Virginia in Aetna Insurance Co. v. Commonwealth, 160 Va. 698, 719 (169 S. E. 859), as follows: "Our conclusion therefore is, that in reviewing the action of the Commission in framing the insurance rates here involved, this court will not disturb the action of the Commission unless it appears that the Commission has exceeded its constitutional or statutory powers; or that its action has resulted from an unreasonable exercise of its authority; or that it is based upon a mistake of law, or is contrary to the evidence or without evidence to support it; or, finally, that the rate fixed is so low as to amount to confiscation and deprive the regulatees of their property without due process of law." See also *Cooper Co. of Gainesville v. State*, 187 Ga. 497, 500 (2) (1 S. E. 2d 436); Janvrin v. Revere Water Co., 174 Mass. 514 (55 N. E. 381); Wisconsin Inspection Bureau v. Whitman, 196 Wis. 472, 514 (220 N. W. 929); Associated Industries of Oklahoma v. State Insurance Board, 173 Okl. 41 (46 P. 2d 361); Utilities Insurance Co. of Missouri v. State Insurance Board, 184 Okl. 234 (84 P. 2d 619); American Employers' Insurance Co. v. Commissioner of Insurance, 298 Mass. 161 (10 N. E. 2d 76); United States & Interstate Commerce Commission v. Abilene & Southern Railway Co., 265 U. S. 274, 288 (44 S. Ct. 565, 68 L. Ed. 1016).

Under the statutes of this State providing for an Insurance Commissioner, and fixing his duties, neither the Commissioner originally, nor the court on appeal, is granted any power or right to fix rates in the generally accepted term of rate fixing. The Commissioner, in the first instance, can only determine whether or not the filings of proposed rate increases are supported by "a preponderance of the evidence." Ga. L. 1959, pp. 255, 262. The duties of the judge on appeal, as related to the words "affirm" or "reverse," do not involve rate fixing in any form or substance.

The word "modify" is not intended, in the context of the act in which it is used, to grant power to fix rates. A proper exercise of the power to modify could result when a portion of the order of the commissioner is affirmed, and a portion reversed.

*Judgment reversed. All the Justices concur.*