OKLAHOMA INSPECTION BUREAU, Inland Marine Insurance Bureau, and National Bureau of Casualty Underwriters, Plaintiffs in Error,

v.

STATE BOARD FOR PROPERTY AND CASUALTY RATES (formerly State Insurance Board), Defendant in Error.

No. 41119.

Supreme Court of Oklahoma.

Sept. 28, 1965.

See also, Okl., 406 P.2d 458.

454

Walter D. Hanson, Hanson & Peterson, Oklahoma City, Joseph N. Morency, Jr., Spray, Price, Townsend & Cushman, Chicago, Ill., for plaintiffs in error.

Charles Nesbitt, Atty. Gen. of Oklahoma, Harvey H. Cody, Asst. Atty. Gen., Thomas M. Wakely and Richard Race, Oklahoma City, for defendant in error.

Fuller, Davis, McPherson & Buckingham, by G. M. Fuller, Jerry Tubb, Oklahoma City, for amicus curiae, Oklahoma Association of Insurance Agents.

DAVISON, Justice.

This is an appeal by Oklahoma Inspection Bureau, Inland Marine Insurance Bureau, and National Bureau of Casualty Underwriters (herein referred to as Bureaus) from an order of the State Insurance Board (herein referred to as Board) disapproving a filing of the Bureaus for a proposed revision of rates for certain insurance policies and proposed changes in the form of the policies. The filing was received by the Board on March 27, 1964, and after a hearing the order of disapproval was issued April 27, 1964.

Subsequent to the entry of the order and appeal to this court the Oklahoma Legislature, at its 1965 session, enacted Senate Bill No. 156, effective July 1, 1965. This law abolished the State Insurance Board and created the State Board for Property and Casualty Rates and transferred to such Board the functions and duties pertinent to this appeal that were formerly exercised by the State Insurance Board. The State Board for Property and Casualty Rates is substituted as defendant in error herein.

The filing was presented by the Bureaus on behalf of numerous insurance companies constituting their members or subscribers, and proposed changes applicable to the "Oklahoma Homeowners Program." Five changes were submitted to the Board for approval. Briefly, they were (1) increase of 13.6% in the basic premiums for four

policy forms, (2) increase of 8.8% in the basic premium for another policy form, (3) elimination of full coverage and substitution of a uniform $50 deductible in Homeowners Policies for losses from windstorm and hail, with elimination of the premium charge made for that insurance coverage, (4) "editorial revisions pertaining to extended theft and incidental office occupancies," and (5) amendment of Form 4 Residence Contents—premium chart—to clearly indicate the premiums contemplated $50 deductible.

The Bureaus presented to the Board testimony that a reasonable distribution of the premium dollar for Home Owner's insurance was 54% for losses, 6% for loss adjustment expense, 1% for catastrophe and other contingencies, 5% for profit, and 34% for other expenses. They also introduced testimony and numerous tables of cumulative insurance experience (mostly for 1957 through 1962), including tables adjusted to current rates, which, on their face, reflect a loss and adjustment expense greater than the corresponding percentage in the above formula. Bureaus also introduced evidence to support the above mentioned proposed mandatory $50 deductible item. There was also testimony that the existing rates and policy provisions, in the above respects, did not enable the insurance companies to profitably furnish such insurance.

The persons appearing in opposition to the proposed changes testified and made statements as to their contrary views and opinions. It appears that the content of such testimony and statements was that the proposed changes were not desirable, rather than that the Bureaus' proof was false and inaccurate. No comparable tables of statistical data were produced by the opposing persons.

The Board made written findings and conclusions. The findings may be described generally as a finding or conclusion that the evidence was insufficient to support the proposed changes. It was found in part that the proposed changes were "based upon a review of loss experience through 1962 and does not include the experience for 1963" or were "not justified by statistics;" that an approximately 15% rate increase approved in 1962 has not been fully considered or realized, due to the three and five year terms of existing policies; and that the claimed elimination of small maintenance type losses by reason of the proposed uniform $50 deductible, "is not a statutory factor for the due consideration of the filing." The Board also found:

"That the statistics submitted indicate that the losses are declining in that the Bureau's Exhibit No. 3, based on combined deductible and full cover experience adjusted to present rate levels, shows an earned premium to incurred loss ratio of 37.7% for extended coverage."

At this point we make the observation that our examination of the exhibit mentioned in the last finding fails to reveal any data which we are able to interpret as being a basis for such finding.

The Board then made the following conclusions:

"That the information furnished in support of the filing does not demand the conclusion that the rates are not excessive, inadequate or unfairly discriminatory.

"That the filing fails to meet the requirements of 36 O.S.1961, §§ 902 and 1003, in that the editorial revisions, amendments and deletions are not justified by the evidence.

"That the filing fails to meet the requirements of 36 O.S.1961, §§ 902 and 1003, in that the proposed rate would be excessive."

We have heretofore briefly narrated some portions of the evidence. This was not done for the purpose of making a determination of whether the evidence was, or was not, sufficient to justify or require approval of the changes proposed by the Bureaus. It was done for the purpose of showing the insufficiency of the findings. The Board's conclusions refer to 36 O.S.1961, §§ 902 and

**456**

1003. These statutes state, inter alia, that rates for insurance shall not be excessive, inadequate, or unfairly discriminatory. The Board concluded that the filing and evidence did not meet these requirements. The findings are insufficient because there was a failure to incorporate therein a proper and acceptable finding of the basic or underlying facts drawn from the evidence. The Board's decision only amounts to the statement "We have heard the evidence. The evidence does not meet the requirements of the law." This is not enough.

The Oklahoma Insurance Code was enacted in 1957. The Code, 36 O.S.1961, § 331, created the Board, consisting of the Insurance Commissioner and two appointed members with legal or insurance experience; and authorized it to hold hearings for purposes within its powers and jurisdiction (Sec. 341); and provided (Sec. 346) that in any such hearing it should sit as a "quasi judicial body," and that its orders "shall contain a concise statement of the facts as found by the Board, a concise statement of its conclusions therefrom, and the effective date of the order;" and (Sec. 347) authorized review of the order by appeal to this court with express power in this court to determine all issues of law and fact, and to modify, affirm or reverse the order or decision in whole or in part. Right to appeal and the same powers of this court on appeal are also granted by 36 O.S.1961, § 910 (Rates-Casualty) and Sec. 1016 (Rates-Property).

In 1963 the Legislature enacted 75 O.S. Supp.1963, § 301, et seq. regarding administrative procedures. Sec. 312 thereof provides that findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

■ The above mentioned statutes, 36 O.S.1961, §§ 902 and 1003, provide that rates for insurance shall not be excessive, inadequate, or unfairly discriminatory. In addition to these general guides such statutes recite numerous factors to be considered in determining whether the rates fall within

or without any of these classifications. Title 36 O.S.1961, § 3614, provides in part that a policy may contain additional provisions not inconsistent with the code and which are desired by the insurer and neither prohibited by law nor in conflict with any provisions required to be included therein. It is an inescapable conclusion that a determination of these matters in this highly complex area with fairness to both insurers and insureds is not simple. It was the required function of the Board, as a body experienced in this special field of insurance, to make findings of fact supporting its conclusions and determination of such matters.

■ The statutory requirement that administrative boards make findings of fact in connection with their determinations is far from a technicality and is a matter of substance. 2 Am.Jur.2d, Administrative Law, Sec. 447, p. 257, and New Jersey Bell T. Co. v. Communications Workers of America, etc., 5 N.J. 354, 75 A.2d 721, 731.

■ In Saginaw Broadcasting Co. v. Federal C. Com'n, 68 App.D.C. 282, 96 F.2d 554, 559 (U.S.Ct.App.D.C.1938), cert. denied Gross v. Saginaw Broadcasting Co., 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391, the court stated:

"The requirement that courts, and commissions acting in a quasi-judicial capacity, shall make findings of fact, is a means provided by Congress for guaranteeing that cases shall be decided according to the evidence and the law, rather than arbitrarily or from extralegal considerations; and findings of fact serve the additional purpose, where provisions for review are made, of apprising the parties and the reviewing tribunal of the factual basis of the action of the court or commission, so that the parties and the reviewing tribunal may determine whether the case has been decided upon the evidence and the law or, on the contrary, upon arbitrary or extralegal considerations. When a decision is accompanied by findings of fact, the re-

viewing court can decide whether the decision reached by the court or commission follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. In the absence of findings of fact the reviewing tribunal can determine neither of these things. The requirement of findings is thus far from a technicality. On the contrary, it is to insure against Star Chamber methods, to make certain that justice shall be administered according to facts and law. This is fully as important in respect of commissions as it is in respect of courts."

See also Missouri Broadcasting Corp. v. Federal Communications Comm., 68 App. D.C. 154, 94 F.2d 623, cert. denied 303 U.S. 655, 58 S.Ct. 759, 82 L.Ed. 1115; New Jersey Bell T. Co. v. Communications Workers of America, supra; 2 Am.Jur.2d Administrative Law Sec. 456, p. 270, 271; Anno. 146 A.L.R. pp. 216–231; Central R. Co. of N. J. v. Department of Public Utilities, 7 N.J. 247, 81 A.2d 162, 169; Delaware, L. & W. R. Co. v. City of Hoboken, 10 N.J. 418, 91 A.2d 739, 742; People's Fruit & Vegetable S. Ass'n v. Illinois Com. Comm'n, 351 Ill. 329, 184 N.E. 615, 616; Scranton-Spring Brook Water S. Co. v. Public Serv. Comm'n, 105 Pa.Super. 203, 160 A. 230, 233, 234.

■■ The statutes, supra, (36 O.S.1961, §§ 347, 910, 1016), providing for review of the Board's order and authorizing this court to determine all issues of law and fact, do not relieve the Board of its obligation to make findings of basic or underlying acts taken from the evidence which support the order. The statutes and law require such findings. Furthermore we have held in decisions involving review of the Board's orders that the orders will not be vacated when they are reasonably supported by competent evidence, and when neither the conduct of the hearing or trial, nor the order made, appear to be contrary to law. Utilities Ins. Co. of Missouri v. State Ins. Board, 184 Okl. 234, 84 P.2d 619, and Associated Industries v. State Insurance Board, 173 Okl. 41, 46 P.2d 361.

■ It is obvious that the Legislature contemplated that the facts in this special field of insurance should be found by those of experienced judgment so as to reflect that the Board proceeded upon a correct legal theory and that the order was reasonably supported by competent evidence. The findings should be such that this court, by reading the order, may intelligently determine from the manner in which the Board coordinated and evaluated the evidence that there was a reasonable basis for the order in accordance with the above rule of law. Delaware L. & W. R. Co. v. City of Hoboken, supra; New Jersey Bell T. Co. v. Communications Workers of America, etc., supra; and New Jersey State Board of Optometrists v. Nemitz, 21 N.J.Super. 18, 90 A.2d 740, 748.

The members of the Board cannot be silent witnesses as well as judges, and thereby support the order with personal factual knowledge, which does not appear in the record. New Jersey State Board of Optometrists v. Nemitz, supra.

■ It is our conclusion that the findings are insufficient to support the order and there is no basis for a judicial review of the order.

This leaves for consideration the proposition as to what disposition shall be made of this matter.

The order found the evidence insufficient, namely, failure to show 1963 loss experience, inadequate statistics, and failure to consider a recent 15% rate increase, supra. The Bureaus' response is that the 1963 national experience was not available until finally collected and evaluated by the rating organizations in September, 1964, following the hearing in April, 1964; that the statistics included all information and data then required by the State Insurance Department; and that the statistical data included tables of experience adjusted to existing rates. A further hearing would serve the double purpose of furnishing an opportunity

for making adequate findings, and presumably would produce additional evidence for evaluation with that already furnished.

In this connection we again refer to the 1963 administrative procedures act. Title 75 O.S.Supp.1963, § 318, providing for judicial review by this court, recognizes the force and effect of other statutes made applicable to appeal and review of orders of specific agencies and boards, but makes such procedure and review subject to the "applicable provisions" of the succeeding sections (Secs. 319–324) of the procedures act. Section 322 thereof vests this court with discretion and authority to vacate and remand this matter for further proceedings, including the taking and consideration of further evidence.

For the reasons stated the order is vacated and the matter is remanded with directions to proceed in accordance with the views herein expressed.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY and LAVENDER, JJ., concur.

HODGES, J., dissents.