[No. 1944-1. Division One—Panel 1. February 26, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. EFFIE MAY OWEN, *Petitioner*.

*Steinberg & Steinberg* and *Quentin Steinberg*, for petitioner.

*Christopher T. Bayley, Prosecuting Attorney,* and *Stephen C. Anderson, Deputy,* for respondent.

FARRIS, J.—Effie May Owen was found to be a delinquent child following a fact finding hearing on a petition alleging her delinquency under RCW 13.04.010.

Prior to the hearing on the merits, she moved to dismiss the petition on the grounds that:

1. The financing system for the Juvenile Court has resulted in a denial of the juvenile's right to the same probation and court services as enjoyed by juvenile residents of other counties.

2. The Statute RCW 13.04 authorizing the filing of a Petition against the juvenile provides for the unlawful delegation of executive authority to the Judiciary.

3. Probation personnel have been allowed to participate in the investigatory, accusatory and adjudicatory processes of this case which has resulted in a denial of the juvenile's right to due process of law.

Her appeal is from the denial of the motion to dismiss. No other error is assigned.

■ The appeal challenges the constitutionality of RCW 13.04 on its face. Miss Owen neither alleges nor demonstrates that its application in determining delinquency, jurisdiction and wardship in the proceeding against her were unconstitutional except as generally applied to any juvenile in her position. We agree that she can make such a challenge in spite of the requirement that one who wishes to challenge a Washington statute on the grounds that it is unconstitutional must first demonstrate that he or she has been harmed by the operation of that statute. *See Daloia v. Rhay,* 252 F.2d 768 (9th Cir. 1958) and *State v. Lundquist,* 60 Wn.2d 397, 374 P.2d 246 (1962). The adjudication that she is a delinquent child under the statute is a sufficient showing of harm to satisfy the requirement of those decisions.

■ A search of the record establishes that there is no factual basis laid for the claim that the financing system of the juvenile court has resulted in the denial of the juvenile's right to the same probation and court services as enjoyed by juvenile residents of other counties. The only data in the record on the issue is an allegation of the per capita amount spent on probation in nine selected counties of the state. These figures do not indicate the amount spent on probation services per each child on probation nor can

we equate per capita amount spent to quality of services provided. It is conceivable that the county with the highest per capita amount has the poorest services. We have no measuring rod to enable us to determine what is provided for each child on probation for each dollar available. The trial court properly declined the invitation to speculate on the question.

The two remaining grounds for the allegation that the legislation is unconstitutional do not support the charge. The legislation bears a rational relation to its stated purpose as defined in RCW 13.06.010:

> It is the intention of the legislature in enacting this chapter to increase the protection afforded the citizens of this state, to permit a more even administration of justice in the juvenile courts, to rehabilitate juvenile offenders, and to reduce the necessity for commitment of juveniles to state juvenile correctional institutions by strengthening and improving the supervision of juveniles placed on probation by the juvenile courts of this state.

The challenged statute is class legislation but it applies alike to all persons within the class and a reasonable ground exists for making a distinction between those within and those without the designated class. *See Washington Kelpers Ass'n v. State,* 81 Wn.2d 410, 502 P.2d 1170 (1972). We readily agree that a better procedure would separate the adjudicatory responsibility and the administrative responsibility of the juvenile corrections program but we can only consider the constitutionality of the statute.

We do not find upon the record before us that the legislation is unconstitutional on its face, even though we recognize the desirability of some change. Whether we agree or disagree with the stated philosophy of a legislative act is not a basis for declaring that act unconstitutional.

Affirmed.

SWANSON, C.J., and JAMES, J., concur.

Petition for rehearing denied March 19, 1973.

Review denied by Supreme Court April 20, 1973.