STANDARD NATIONAL INSURANCE COMPANY OF HARTFORD, CONNECTICUT, and The Travelers, an Insurance Corporation, Appellants,

v.

The STATE BOARD FOR PROPERTY AND CASUALTY RATES of Oklahoma, and The Oklahoma Association of Insurance Agents, Appellees.

No. 44735.

Supreme Court of Oklahoma.

Feb. 19, 1974.

Rehearing Denied April 9, 1974.

William W. Fisher, Jr., Hartford, Conn., Robert D. Looney, Oklahoma City, for appellants.

Fuller, Tubb & Pomeroy, Oklahoma City, for appellee, The Oklahoma Assn. of Insurance Agents.

Larry Derryberry, Atty. Gen., Oklahoma City, for appellee, The State Bd. for Property and Casualty Rates of Okl.

IRWIN, Justice:

Standard National Insurance Company [Standard] filed its application with the State Board For Property and Casualty Rates of Oklahoma [Board] for approval of its proposed program for the "mass marketing" of Private Passenger Automobile Insurance and Homeowner's Insurance. The Travelers, an insurance corporation, was not a party in the proceedings and no further reference will be made to it.

Board disapproved Standard's Application and Standard appealed.

Under Standard's proposed plan, the insurance would be offered to employees of a common employer. The insurance would be offered only to certain employees determined by Standard who comprised a group or association of sufficient size to qualify for the plan and not on an individual basis or to the public in general. The employee's monthly premiums would be handled through payroll deductions and the employer would pay the premiums to the insurer. Individual rates would be established for each insured based on a rating critera traditionally used, i. e., the type of construction, available fire protection, etc., for the homeowners policy; and the use of the automobile, driving records, age of driver, etc., for the automobile policies. Each employee could choose the type of coverage he wanted and his rate would be determined by the type chosen and the employee-insured would be issued a coverage booklet with a Certificate of Coverage.

Generally speaking, insurance premiums are divided in two parts, the loss portion and the expense portion. The loss portion is used to pay the resulting damages; and the expense portion is used to pay the costs for acquiring the policies, agents' commissions, administration, etc. Standard proposes to reduce the expense portion in reducing the expenses, by being able to solicit the insurance by talking to groups or a concentrated number of potential clients instead of making the solicitions on an individual basis and eliminating the expense of individual billings because of the payroll deductions and the payment being made by the employer. By reducing the expense portion, the insurance could be offered at a reduced rate.

Each group of employees who wanted the insurance would have to be of a sufficient size to justify the plan for that group. As an example, five employees might not justify the plan for that particular group but twenty employees might justify the plan. In this connection, Standard's witness was asked whether there was any formula as to eligibility, i. e., how many employees of one group would have to be involved in order for the reduced premiums to be available to that group and the answer was, "We have none".

It appears that each group or association that would come under the plan would be offered the same reduction in insurance rates regardless of the size of that group or association. However, there was evidence tending to indicate that if an employer would permit an insurance agent to

solicit his employees in a group but would be unwilling to make the payroll deductions, this might justify some price differential but the record does not disclose how much of a price differential would be allowed.

36 O.S.1971, § 902(A) provides that rates for insurance shall not be excessive, inadequate or unfairly discriminatory. Sec. 902(D) provides:

"Nothing in this section shall be taken to prohibit as unfairly discriminatory the establishment of classifications or modifications of classification of risks based upon the size, expense, management, individual experience, location or dispersion of hazard, or any other reasonable considerations attributable to such risks provided such classifications and modifications apply to all risks under the same or substantially similar circumstances or conditions."

■■■ The burden of proof was upon Standard to show that its filing or proposed program of "mass marketing" complied with the law. 36 O.S.1971, § 903(C). In determining whether Standard sustained that burden, Board's denial of Standard's application will not be vacated if it is reasonably supported by competent evidence. Oklahoma Inspection Bureau v. State Board For Property and Casualty Rates, Okl., 406 P.2d 453.

In its order of denial Board made several findings and conclusions. The only findings and conclusions necessary for disposition of this appeal are as follows:

"That the testimony of the witness that the plan will not be offered to all employees but that size of the employee force would determine to whom it is offered is insufficient for the determination of the question of unfair discrimination in the establishment of the classification modification.

"That as the company has not filed a definition of the purported classification there is no sufficient basis for determining if the modification will apply to all risks under the same or substantially similar circumstances or conditions.

"That the company has not satisfied its burden of proof that the proposed modification is not unfairly discriminatory."

■■■ The above findings are reasonably supported by competent evidence. Certain employees would not be offered the plan unless it was determined by Standard they comprised a group or association sufficient in number to qualify for the plan. Standard has no formula concerning the number of employees of a group or association that would constitute a sufficient number to qualify for the plan. X number of employees might or might not constitute a sufficient number to qualify for the plan for a certain group of employees. If an employer were willing to cooperate with Standard and make the payroll deductions for the employee-insured's premiums, Standard would determine whether it would be willing to offer the insurance to the employees.

Although Board did not specifically find that Standard's proposed program did or did not constitute unfair discrimination, it did find there was insufficient evidence to make that determination. The burden was upon Standard to prove this and Board's findings are reasonably supported by competent evidence.

Having reached this conclusion it is unnecessary for this Court to consider the correctness of the other findings and conclusions of the Board.

Order affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, LAVENDER and BARNES, JJ., concur.

HODGES, SIMMS and DOOLIN, JJ., dissent.