OKLAHOMA INSPECTION BUREAU, Plaintiff in Error,

v.

STATE BOARD FOR PROPERTY AND CASUALTY RATES (formerly State Insurance Board), Defendant in Error.

No. 41120.

Supreme Court of Oklahoma.

Sept. 28, 1965.

Walter D. Hanson, Hanson & Peterson, Oklahoma City, Joseph N. Morency, Jr., Spray, Price, Townsend & Cushman, Chicago, Ill., for plaintiff in error.

Charles Nesbitt, Atty. Gen. of Oklahoma, Harvey H. Cody, Asst. Atty. Gen., for defendant in error.

Fuller, Davis, McPherson & Buckingham, by G. M. Fuller, Jerry Tubb, Oklahoma City, for Amicus Curiae, Oklahoma Association of Insurance Agents.

DAVISON, Justice.

Oklahoma Inspection Bureau appeals from an order of the State Insurance Board disapproving a filing of said Bureau for a proposed change in insurance coverage. The filing was received by the Board March 27, 1964, and after a hearing the order of disapproval was issued April 27, 1964.

Subsequent to the entry of the order and appeal to this court the Oklahoma Legislature, at its 1965 session, enacted Senate Bill No. 156, effective July 1, 1965. This law abolished the State Insurance Board and created the State Board for Property and Casualty Rates and transferred to such Board the functions and duties pertinent to this appeal that were formerly exercised by the State Insurance Board.

This is a companion case to No. 41119, Oklahoma Inspection Bureau, et al. v. State Board for Property and Casualty Rates, in which an opinion was promulgated on this date. 406 P.2d 453.

The Bureau represents numerous insurance companies (members and subscribers), and proposed four changes in insurance coverage applicable to residential properties under presently approved dwelling forms. Briefly they were (1) a mandatory $50 deductible for losses from windstorm and hail and elimination of the premium charge made for that coverage; (2) coverage on roof surfacing in two policy forms on an actual value basis and not on replacement cost basis; (3) clarification in two policy forms of an exclusion as to damage to plumbing, heating and airconditioning from freezing, to apply when residence is vacant or all occupants are absent more than four days; and (4) a $5000 minimum coverage in two policy forms for residential buildings.

The evidence was similar in nature and to the same meaning and import as that produced at the hearing in the other case, supra. In fact, much of the testimony in such case was introduced verbatim into the record.

 The written findings of the Board were generally to the effect that the evidence of the Bureau was insufficient; that the statistics did not include the experience for 1963; that the proposed changes in the policies was not supported by the statistics; that the proposition that elimination of the full coverage option will result in the elimination of small maintenance type losses, is not a statutory factor for the due consideration of the filing; and that the Bureau's Exhibit No. 3 shows that an earned premium to incurred loss ratio of 37.7% "indicating that the losses are declining." We observe at this point that the last finding is based upon a single year's experience, adjusted to existing rate levels, rather than to the average of experience over a number of years.

The Board then made its conclusions and refused to approve the proposed changes in the policies.

It is our opinion that the findings are insufficient. Our reasons for this conclusion and the law sustaining the same are fully set forth in our opinion in No. 41119, Oklahoma Inspection Bureau v. State Board for Property and Casualty Rates, supra. We adopt and apply that decision as determinative of the present appeal.

For the reasons stated the order is vacated and the matter is remanded with directions to proceed in accordance with the views expressed.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY and LAVENDER, JJ., concur.

HODGES, J., dissents.