**ALLIED INVESTMENT COMPANY, Inc.,**
Petitioner,

v.

**The OKLAHOMA SECURITIES COM-
MISSION, Respondent.**

No. 41885.

Supreme Court of Oklahoma.

March 18, 1969.

James Ed Douglas, Oklahoma City, for petitioner.

Jesse J. Maynard, Oklahoma City, for respondent.

Hodges, Justice.

In this appeal we are asked to vacate an Order of the Oklahoma Securities Commission for failure to set forth findings of fact and conclusions of law.

The administrator of the Oklahoma Securities Commission, after statutory notice and hearing, revoked the broker-dealer license of the petitioner, Allied Investment Company, Inc. In this order of revocation, the administrator specified certain findings of fact and conclusions of law. Thereafter, the petitioner, pursuant to 71 O.S. 409, filed a Petition for Review of the administrator's order with the Oklahoma Securities Commission.

The Commission conducted an evidentiary hearing and subsequently issued on Order affirming the revocation order of the administrator *without* setting out any findings of fact and conclusions of law. Petitioner's sole complaint is that the Commission in banc failed to make any findings of fact and conclusions of law.

It is the Commission's position that their order was a complete affirmation of the administrator's order, which, in effect, adopted the administrator's findings of fact and conclusions of law as their own.

The order of the Commission does not expressly adopt or incorporate the administrator's findings. The order is entitled, "Affirming Order of Administrator." After a recitation of procedures and appearances, the Order concluded:

"It is therefore ordered, adjudged and decreed by the Commission that the Order of the Administrator dated October 12, 1965, should be and the same is hereby affirmed."

The Oklahoma Securities Commission is a state agency subject to the Administrative Procedures Act. (Title 75 O.S. 301–327). Section 312 of the Act provides that *"a final order shall include findings of fact and conclusions of law, separately stated."*

█ A recitation of the findings of fact and conclusions of law is a vital and necessary part of any order by an administrative agency acting in a quasi-judicial capacity. The purpose of which is to enable the parties and the reviewing tribunal make a determination whether the case has been decided upon the law and evidence or, on the contrary, upon arbitrary or extralegal considerations. In Oklahoma Inspection Bureau v. State Board for Property and Casualty Rates, Okl., 406 P.2d 458 we held:

"Statutory requirement that an administrative agency make findings is a matter of substance and not a mere technicality, and if administrative agency fails to supply such findings, in violation of a statutory requirement, its determination will not be sustained."

Also, in addition to the requirement for findings of fact and conclusions of law under the Administrative Procedures Act, such findings are required by the Oklahoma Securities Act. Title 71 O.S. 204 (f) (3) provides, inter alia, that *no* order of revocation or suspension can be entered by the administrator without written findings of fact and conclusions of law. When a person feels aggrieved by an administrator's order, section 409 affords a remedy for review by the Commission. This section of the Act requires the hearing before the Commission be heard *de novo.* "De novo" means literally a second time or in the same manner. Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215. In order for the Commission to conduct a hearing de novo, afresh and anew for a second time, it is incumbent upon them to conduct the hearing in the same manner and under the same statutory requirements as required in a hearing before the administrator. This required written findings of fact and conclusions of law, which the Commission did not do.

█ The Commission is not a reviewing commission or a reviewing court in the sense of an appellate review. They are trial examiners who must determine the facts and conclusions of law based upon the evidence submitted to them in an adversary proceeding. For this court to intelligently review and make an appellate determination if the facts and conclusions upon which the Order is based are reasonable and sufficient to support the Order, we must be furnished with their written findings of fact and conclusions of law.

■ We are of the opinion that the Order of the Commission which merely affirmed the Order of the administrator, without setting forth written findings of fact and conclusions of law, does not comply with the Oklahoma Administrative Procedures Act and the Oklahoma Securities Act.

The case is remanded to the Commission with directions to set forth findings of fact and conclusions of law in their Order of Revocation, or in absence of such action, to vacate the same.

Order remanded with directions.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, JACKSON, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD, J., dissents.