Thomas Allen **BRADSHAW**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17914.

Court of Criminal Appeals of Oklahoma.

May 4, 1973.

Creekmore Wallace, Pryor, and Thomas A. Wallace, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Thomas Allen Bradshaw, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Mayes County, Case No. CRF–71–109, for the offense of Obtaining Money By False Pretense. His punishment was fixed at one (1) year and one (1) day imprisonment and a fine of One Thousand Dollars ($1,000.00) and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Lena Martin, a widow, testified that she was seventy-two (72) years of age and lived alone at 405 North Ora in Pryor. On May 24, 1971, the defendant, whom she had not known previously, came to her home representing himself as an insurance agent. He told Mrs. Martin that she was carrying too much insurance and

that he could obtain for her a Two Thousand Dollar refund on her present insurance policies. Defendant stated that he could provide her with a health, hospitalization and convalescent insurance policy and also a Two Thousand Dollar life insurance policy. The defendant informed her that the cost of this service would be Eight Hundred Eight Dollars ($808.00). She told the defendant that she couldn't afford the policy without the refund from her other policies. The defendant assured her that she would get the refund. The defendant wrote a check in the amount of Eight Hundred Eight Dollars ($808.00) and she signed it. The check was subsequently cashed with the endorsement "Thomas Bradshaw." She testified that she did not receive an insurance policy nor did she receive refunds from her other policies as promised by the defendant. She did not see or hear from the defendant until the date of the preliminary hearing which the record reflects was held on July 6, 1972.

Steve Scott testified that he was employed as director of Agents Licensing for the State Insurance Commission. He examined the records of the insurance commission which revealed that the defendant was not duly licensed to represent any insurance company on May 24, 1971.

The defendant did not testify nor was any evidence offered in his behalf.

The sole proposition asserts that the trial court erred in failing to sustain defendant's motion for directed verdict, motion for new trial, demurrer to the evidence and preemptory instruction in that the testimony of the complaining witness was not corroborated by another witness or corroborating circumstances. Defendant cites as authority 22 O.S., § 743, which provides:

"Upon a trial for having, with an intent to cheat or defraud another designedly, by any false pretense, obtained the signature of any person to a written instrument, or having obtained from any person any money, personal property or valuable thing, the defendant cannot be convicted if the false pretense was expressed in language unaccompanied by a false token or writing, unless the pretense, or some note or memorandum thereof, be in writing either subscribed by, or in the handwriting of the defendant, or unless the pretense be proven by the testimony of two witnesses, or that of one witness and corroborating circumstances. But this section does not apply to prosecution for falsely representing or personating another, and in such assumed character, marrying or receiving money or property."

Defendant argues that the State's evidence failed to satisfy § 743, supra, in that the testimony of the complaining witness was not corroborated. We disagree. The uncontradicted testimony of Mrs. Martin adduced that the defendant induced her to sign the check relying on the false statements of the defendant that he would obtain refunds from her existing insurance policies in the amount of Two Thousand Dollars ($2,000.00) and further that he would obtain a comprehensive health and life insurance policy. We are of the opinion that the check itself corroborates the testimony of Mrs. Martin that the defendant obtained Eight Hundred Eight Dollars ($808.00) from her by false pretenses. The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.