**Earl J. BROWN et al., Appellants,**

v.

**The BANKING BOARD of the State of Oklahoma et al., Appellees.**

**No. 44852.**

Supreme Court of Oklahoma.

June 26, 1973.

Pierce, Duncan Couch & Henderson, Oklahoma City (Robert S. Baker, Oklahoma City, of counsel), for appellants.

Bank Commissioner of the State of Oklahoma, William G. Paul, Keith McMillin, Oklahoma City, for appellees.

SIMMS, Justice.

The Court of Bank Review affirmed the October 20, 1970 order of the Banking Board of Oklahoma denying a bank charter to Earl J. Brown and others, petitioners here.

The order of denial of charter entered by the Banking Board concluded in the statutory language of 6 O.S.Supp.1968, § 306, F., "(1) That the public need and advantage will not be promoted by the establishment of the proposed bank, and (2) that conditions in the community in which the bank would transact business do not afford reasonable promise of successful operations." It is to be emphasized that the Board did not state what facts led to its ultimate conclusion nor did it state how it applied the facts to reach its conclusion.

■ Clearly, the Banking Board of Oklahoma is subject to the provisions and restrictions of the Oklahoma Administrative Procedures Act, 75 O.S.1963, § 301, Amended 1969, et seq., where the same is not in express conflict with the provisions of our Banking Code.

Title 75 O.S.1963 Supp. § 312 provides:

"A final order adverse to a party in an individual proceeding shall be in writing or stated in the record. A final order shall include findings of fact and conclusions of law, separately stated. Findings of fact, *if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.*" (Emphasis added)

In Allied Investment Company, Inc. v. Oklahoma Securities Commission, 451 P.2d 952 (Okl.1969) it was stated:

"A statutory requirement that an administrative agency make findings of fact and conclusions of law is a matter of substance and not a mere technicality, and if the administrative agency fails to supply such findings, its determinations will not be sustained."

■ Also, it is fundamental that an absence of required findings is fatal to the validity of the administrative decisions regardless of whether there may be in the record evidence to support proper findings. Anglo-Canadian Shipping Co. v. Federal Maritime Commission, 310 F.2d 606 (9th Cir. 1962).

■ Findings should be sufficient in content to apprise the parties, The Court of Bank Review, and if necessary, the Supreme Court of the actual basis of the action by the Board, in order that it may be determined whether the Board's decision has support of "substantial evidence" and the law, and to insure against arbitrariness. Findings in general terms are not sufficient.

The purpose of requiring findings of facts has been reiterated many times by this Court:

"Findings of administrative agency acting in a quasijudicial capacity should be a recitation of basic or underlying facts drawn from the evidence, and must be free from ambiguity which raises doubt as to whether board proceeded upon correct legal theory, and must be sufficiently stated to enable reviewing court to intelligently review order and ascertain if facts upon which order is based afford reasonable basis for order." State v. Guardian Funeral Home (Okl.1967),

429 P.2d 732, Syllabus 3. See also, Oklahoma Inspection Bureau v. Board of Property and Casualty Rates (Okl.1965) 406 P.2d 453.

■ Unless the vague standard of "public need and advantage", as quoted in the Banking Board's order are defined as applied, and until the Board shows by the facts why it believes the proposed bank would "probably be unsuccessful" no reviewing court should pass upon the validity of the Board's order.

By reason of the provisions of 6 O.S. 1970 Supp. § 207, subd. B, a party aggrieved by any order of the Board may appeal to the Court of Bank Review, which is a judicial body, made up of various Judges of the District Court, as opposed to being an Administrative Agency. Paragraph D of section 207, supra, provides that an appeal from a decision of the Court of Bank Review to the Supreme Court is by certiorari only.

■ This statute contemplates that the Court of Bank Review is not an administrative agency bound to make findings of fact. If it is necessary that findings of fact be made, they must be made by the Board.

Even though the Court of Bank Review, and now this Court, has the transcripts of the case before it and all the evidence is available, the Court should not have to speculate as to the basis for the Board's decision in this case.

As we have hereinabove observed, express findings of fact and conclusions of law are required by both the statutes of Oklahoma and commonly recognized principles enunciated by the courts.

We are therefore of the opinion that the required findings of fact and conclusions of law are necessary to enable us to arrive at a final decision. Accordingly, no order should now issue sustaining or vacating the Board's order until the Court of Bank Review, or this Court, has had an opportunity to examine such findings and conclusions to determine if there was "substantial evidence" for a rational basis for the Board's action.

In addressing ourselves to the so-called "substantial evidence" rule of review, we note that 6 O.S.1970 Supp. § 207, subd. C(4) provides the reviewing court may reverse or modify the order of the Board if it finds the order "is not supported by substantial evidence in the record." This Court has construed that statute to mean that the reviewing court should consider only the probative evidence that tends to support the Board's order, and should not consider that evidence which is opposed to the Board's view, unless the evidence opposing the Board's view is such as to destroy the probative value of the evidence introduced in support of the Board's order.

■ In Village Bank v. Seikel (Okl. 1972) 503 P.2d 550, we stated that it was not the function of the Court of Bank Review to act as substitute for the Banking Board in the issuance of certificates to engage in the banking business. As a general principle we still adhere to that statement.

However, in consideration of Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), we are disposed to modify those and any other earlier decisions insofar as they restrict the Court's power to make a review of the whole record and enter the appropriate order indicated by that record in its entirety.

In Dancy v. Owens, 126 Okl. 37, 258 P. 879, 882, this Court said:

"There can be no doubt about the supremacy of the Supreme Court. This court is placed by the Constitution at the head of the judicial system of the state; from its judgments there is no appeal to any other state tribunal, and its determinations are binding upon the rest of the state judiciary. The Legislature cannot interfere with its existence or supremacy, nor can that body alter the nature of its jurisdiction and duties. And it follows of course that, without change in the fundamental law, the Legislature

cannot create a court of co-ordinate final jurisdiction."

It was not the intent of the Legislature to create a court of final jurisdiction when it created the Banking Board. But that has been the effect of a too narrow interpretation of the Court's function in reviewing orders of the Banking Board.

In setting forth the powers of the Court of Bank Review in 6 O.S.1970 Supp. § 207, subd. C, the Legislature realized that the Banking Board was better equipped with expertise to weigh evidence in technical banking matters. The supposed purpose for instituting the Banking Board and a system of review was to insure fairness to persons applying for Banking Charters and to insure a viable banking system would continue to exist in Oklahoma. The Legislature could not have intended, however, to thereby render the courts powerless, except in cases where the Board has been acutely unreasonable, or to make a rubber stamp out of the Court.

Our purpose in modifying the standard of review is not to bind the hands of the Banking Boards, but to unbind the hands of the Court. To make any other ruling would be an abdication of the traditional judicial function.

It is the express holding of this opinion that the Court of Bank Review shall look to the entire record and take into account evidence contradictory to the view of the Banking Board in determining whether there is substantial evidence to support the Board's order.

The judgment of the Court of Bank Review is remanded with directions to remand this cause to the Banking Board with instructions to make and separately state specific findings of fact and conclusions of law as the basis of any order granting or denying the requested bank charter, and if appealed, the same to be reviewed in accordance with the guidelines set forth in this opinion.

All the Justices concur.