In re Application for Charter for The BANK OF BIXBY, Bixby, Oklahoma Case No. 72–1, Before the Banking Board.

L. C. NEEL et al., Appellants,

v.

The BANKING BOARD of the State of Oklahoma et al., Appellees.

No. 46301.

Supreme Court of Oklahoma.

March 12, 1974.

Rehearing Denied July 16, 1974.

Howard, Rapp & Gaskill, Tulsa, for appellants.

Sellers & Sellers, Sapulpa, for appellees.

LAVENDER, Justice:

This matter concerns an application for a charter for the establishment of The Bank of Bixby to be located in North Bixby, Oklahoma. After the investigation and upon the notice required by 6 O.S.1971, § 306, a hearing was held before The Banking Board. At that hearing considerable evidence was adduced, much of which was directed toward the issue of whether " * * * the public need and advantage will be promoted by the establishment of the proposed bank * * *." 6 O.S.1971, § 306 F(1). That question, or issue, was one of several questions contained in Section 306 F, supra, which are required by the statute to be affirmatively found by the Banking Board before it may in the exercise of "its sole discretion," approve the application for a bank charter. The Banking Board at the conclusion of the hearing issued its order dated March 14, 1972, in which it found in effect that there was not sufficient substantial evidence adduced to satisfy the above quoted statutory condition. From the order denying the application the applicants—appellants here—appealed to the Court of Bank Review, as provided by 6 O.S.1971, § 207.

In the appeal to the Court of Bank Review one of the principal complaints of the applicants concerning the Banking Board's order was that it was not supported by substantial evidence in the record. Before the Court of Bank Review made its determination of the matter this court handed down its opinion in Village Bank et al. v. Seikel et al. (1972), Okl., 503 P.2d 550. In that case we were concerned with the scope of the review to be accorded by the Court of Bank Review where the question was whether the Banking Board order was supported by substantial evidence. We stated, " * * * (that Court) is not to consider the 'evidence *opposed* to the Board's view' in making its determination of whether the order is *supported* by substantial evidence in the record unless the evidence opposing the Board's view is such as to destroy the probative value of the evidence introduced in support of the Board's order." (Emphasis contained in the opinion.) Subsequent to the issuance of the mandate in the Seikel case, the Court of Bank Review issued its order in the matter presently before the court. In its order, which we deem unnecessary to quote herein verbatim, it appears that if the Court of Bank Review could have considered evidence in the record which merely contradicted the evidence which supported the Banking Board's findings (as distinguished from evidence which destroyed the probative effect of the Board's findings), the Court of Bank Review might have held that the finding of the Banking Board, "That the public need and advantage will not be promoted by the establishment of the proposed bank," was not supported by substantial evidence.

Subsequent to entry of the Court of Bank Review order this court adopted an opinion in Brown et al. v. Banking Board (1973), Okl., 512 P.2d 166 in which we modified the holding in the Seikel case as follows:

"In determining whether there is substantial evidence in the record to support the order of the Banking Board, the reviewing court shall look to the entire record and take into account not only that evidence which supports the Banking Board's view, but also the evidence contradictory to the view of the Banking Board."

In consideration of the foregoing we have determined to grant certiorari herein for the purpose of remanding this matter to the Court of Bank Review so that that court may follow the rule above set forth in Brown, supra.

Upon the remand of this matter, the Court of Bank Review may wish to further remand the matter to the Banking Board for that agency to make sufficient findings of fact—assuming that the ones which it has already made are not sufficient to afford judicial review. In any event, when the Court of Bank Review has determined that the findings of fact and conclusions of law of the Banking Board are sufficiently stated so that a proper review may be made as required also by Brown v. Banking Board, supra, the reviewing court will then be authorized to give the full review contemplated by Brown v. Banking Board, supra.

 We notice that in the order of the Court of Bank Review it concludes that "a Charter should have been granted." We assume that upon final review of this matter if the court determines that the single issue or question decided by the Board adversely to the applicants was not supported by substantial evidence that the court instead of itself ordering the issuance of a charter will remand the matter to the Banking Board for that agency to ascertain to its satisfaction whether all of the statutory conditions prerequisite to the approval of an application for a bank charter, as provided in 6 O.S.1971, § 306 F, have been met.

For the further guidance of the parties, and for the bench and bar generally, we take this opportunity to note that if the question of whether the Banking Board's order was supported by substantial evidence in the record be again presented to this court we will be guided by our pronouncement in Vose v. Banking Board (1971), Okl., 483 P.2d 731, wherein we stated:

"In Oklahoma, the Legislature has * * * charged the Court of Bank Review and not this Court with the normal and primary responsibility of reviewing Banking Board orders. Whether on the record as a whole there is substantial evidence to support the findings of the Banking Board is a question the Legislature has placed in the keeping of the Court of Bank Review."

and, also wherein we adopted the view expressed by the U. S. Supreme Court in Universal Camera Corp. v. N. L. R. B. (1951), 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456:

"* * * This Court will intervene only in what ought to be the rare instance when the standard (of substantial evidence) appears to have been misapprehended or grossly misapplied."

In the future we shall be guided by the above principles in determining whether to grant certiorari to review a decision of the Court of Bank Review where that decision is grounded solely upon whether the order of the Banking Board was supported by substantial evidence. The term "substantial evidence" is defined in Yellow Transit Co. v. State (1947), 198 Okl. 229, 178 P.2d 83.

Judgment of the Court of Bank Review reversed and the cause is remanded for further proceedings.

All of the Justices concur.