**OKLAHOMA PIONEER, INC., and Pacer Phenix Corporation, Appellants,**

**v.**

**R. Leroy CARPENTER, Commissioner of Health of the State of Oklahoma; and Department of Health of the State of Oklahoma; and Oklahoma Health Planning Commission; and Methodist Home of Clinton, Inc., Appellees.**

No. 50762.

Supreme Court of Oklahoma.

Sept. 16, 1980.

George, Kenan, Robertson & Lindsey, by Paul B. Lindsey, Oklahoma City, for appellants.

Arney & Barker by Evertt M. Arney, Clinton, and Larry Derryberry, Atty. Gen. of Oklahoma, James R. Barnett, Asst. Atty. Gen., Oklahoma City, for appellees.

BARNES, Justice:

This is an appeal from the granting of a Certificate of Need to Methodist Home of Clinton, Inc., Appellee, for expansion of twenty–eight beds in a licensed nursing home. At the time that the Commissioner of Health issued the Certificate of Need, he failed to include in hi~ order findings of fact and conclusions of law, required under the Administrative Procedures Act, 75 O.S. 1971, § 312.[1] The Commissioner did, however, eventually prepare findings of fact and conclusions of law. The parties were not notified of the issuance of these findings and did not become aware of their filing until September 20, 1976, some one–hundred and ten days after the filing of the Appellants' Petition for Review, which was filed on June 11, 1976.

The determinative issue before us is whether the Commissioner of Health exceeded his jurisdiction in issuing the findings of fact and conclusions of law after the cause had been appealed, or, put another way, the issue is whether the Commissioner lost jurisdiction of the matter once the District Court assumed appellate jurisdiction under the provisions of 75 O.S. § 318, which provides for District Court review of orders from administrative agencies.

---

1. Title 75 O.S. 1971, § 312, provides:

"A final order adverse to a party in an individual proceeding shall be in writing or stated in the record. A final order shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. If, in accordance with agency rules, a party submitted proposed findings of fact, the order shall include a ruling upon each proposed finding. Parties shall be notified either personally or by mail of any order. Upon request, a copy of the order shall be delivered or mailed forthwith to each party and to his attorney of record."

In the appellate procedure conducted in the District Court, the Appellants, Oklahoma Pioneer, Inc., and Pacer Phenix Corporation, filed a motion to strike the findings of fact and conclusions of law. The Trial Court overruled their motion, and Appellants, in their first proposition of error, argue that the Trial Court committed reversible error in refusing to strike those findings of fact and conclusions of law, for the Commissioner no longer had jurisdiction over the matter when he prepared those findings and conclusions.

Appellants argue inter alia that Commissioner Carpenter's failure to set out basic findings of fact and conclusions of law, required by both constitutional and statutory provisions, until long after his decision had been appealed and the basis for the appeal fully set out, is improper and prejudicial to the party or parties appealing from his decision.

In *Smith v. State Industrial Court, Okl.*, 408 P.2d 317 (1965), we held:

"The filing of a petition for review in the Supreme Court operates to divest the trial tribunal of jurisdiction of the particular matters or issues sought to be here reviewed. Any order made by that court pertaining to such matters and issues while the petition for review remains pending and undetermined in this Court is a nullity. * * This rule accords with the general principle that the jurisdiction of the trial court, while a cause is pending on appeal, remains suspended until the mandate is issued and spread of record, except only as to matters which are collateral to the questions presented on appeal." [Cites omitted]

Similarly, in *The Matter of Chad S.*, Okl., 580 P.2d 983 (1978), we held:

"It is well settled in Oklahoma, that while an appeal is pending in the supreme court, the trial court is without jurisdiction to make any order materially affecting the rights of the parties to that appeal. Any such order is void. An exception to this rule arises if the appeal is filed and the trial court exercises its jurisdiction under 12 O.S. 1971 § 1031.1 within 30 days. Then the supreme court will stay the appeal pending final disposition of the case in the trial court.

"Absent a compliance with § 1031.1, the trial court loses its jurisdiction to make any order that pertains to the same issues then on appeal." [Footnotes omitted]

Under the principles announced in *Smith v. State Industrial Court*, and *Matter of Chad S.*, Dr. Carpenter lacked jurisdiction to take any action in the cause pertinent to the issues raised on appeal. His preparation of the findings of fact and conclusions of law, long after the case had been appealed, and the errors committed by him alleged, pertained to issues on appeal. Thus, Dr. Carpenter lacked the jurisdictional power to take the action that he did. This being the case, the Trial Court erred in not striking those findings of fact and conclusions of law from the record in the appellate proceeding in the District Court.

Having ruled that the findings of fact and conclusions of law should have been stricken from the record, we hold that the issuance of the Certificate of Need by Dr. Carpenter should be reversed because the order granting the Certificate failed to comply with the provisions of 75 O.S. 1971, § 312, which require that final orders adverse to a party in an individual proceeding shall be in writing or stated in the record, and shall contain findings of fact and conclusions of law separately stated. Because Dr. Carpenter's order should have been reversed, due to its failure to comply with 75 O.S. § 312, we hold that the Trial Court erred in affirming Dr. Carpenter's order. We accordingly remand this cause to the Trial Court, with directions to remand the cause to the Oklahoma Health Planning Commission (which, pursuant to Chapter 216, Oklahoma Session Laws 1976, § 3, assumed all powers, duties, functions, and responsibilities vested in the State Commissioner of Health relating to Certificates of Need for the construction, establishment, or expansion of a nursing home facility within the State of Oklahoma), with instructions to conduct a new hearing on Appellees' application.

REVERSED AND REMANDED WITH INSTRUCTIONS.

LAVENDER, C. J., and WILLIAMS and OPALA, JJ., concur.

HODGES and HARGRAVE, JJ., concur specially.

SIMMS and DOOLIN, JJ., dissent.

HODGES, Justice, concurring specially:

The determinative issue on appeal is whether the Commissioner of Health erred when he failed to timely include the findings of fact and conclusions of law in his order as required under the Administrative Procedures Act, 75 O.S.1971 § 312.[1]

It is undisputed by the parties that the Certificate of Need of May 13, 1976, did not contain findings of fact and conclusions of law, and that the purported findings of fact and conclusions of law were not filed until September 20, 1976, 101 days after the filing of appellants' petition for review on June 11, 1976.

The purpose of requiring findings of fact has been reiterated many times by this Court. In *Brown v. Banking Board*, 512 P.2d 166, 168, we cited *State v. Guardian Funeral Home*, 429 P.2d 732 (Okl.1967) for the premise:

"Findings of administrative agency acting in a quasijudicial capacity should be a recitation of basic or underlying facts drawn from the evidence, and must be free from ambiguity which raises doubt as to whether board proceeded upon correct legal theory, and must be sufficiently stated to enable reviewing court to intelligently review order and ascertain if facts upon which order is based afford reasonable basis for order."

It is fundamental that the failure to make required findings is fatal to the validity of administrative decisions regardless of whether there may be substantial evidence to support proper findings.[2] It is also fundamental that findings of fact and conclusions of law must be timely made and concurrently filed with the final order so that the reviewing court and the parties may discern whether the order was supported by substantial evidence and whether the Board proceeded upon a correct legal theory. Failure to timely make the findings of fact and conclusions of law a part of the order results in a handicap to the party seeking judicial review of the actions of the Commission and impairs a determination that the order is supported by the facts and the law. The findings should be such that by reading the order, all parties may intelligently determine from the manner in which the Board coordinated and evaluated the evidence that there was a reasonable basis in accordance with the rule of law. Findings in general terms are not sufficient.

The statutory requirement that administrative boards make findings of fact in connection with their determinations is a matter of substance and not a mere technicality.[3] The applicable statute, 75 O.S.1971 § 312, expressly states that findings of fact and conclusions of law are to be included in the final order. Unless findings of fact and conclusions of law are incorporated into the final order an opportunity is presented to "back into an order" by expediently drafting findings of fact to support an order previously made.[4] The requirement that administrative boards make findings of fact is a means provided by the Legislature to guarantee that cases shall be decided according to the evidence and the law rather than from extra–legal considerations or arbitrarily. The requirement protects against Star Chamber methods and ensures the proper administration of justice.[5]

An order merely granting a certificate of need without simultaneously setting forth

---

1. See note 1 of the majority opinion.

2. *Anglo·American Shipping Co. v. Federal Maritime Commission*, 310 F.2d 606 (9th Cir. 1962); *Brown v. Banking Board*, 512 P.2d 166, 168 (Okl.1973).

3. *Okla. Insp. Bur. v. State Bd. for Prop. & Cas. Rates*, 406 P.2d 453, 456 (Okl.1965).

4. See *New Jersey Bell Telephone Co. v. Communication Workers of America*, 5 N.J. 354, 75 A.2d 721 (1950).

5. *Saginaw Broadcasting Co. v. F.C.C.*, 96 F.2d 554, 559 (D.C.Cir. 1938); cert. den'd., 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391 (1938).

findings of fact and conclusions of law in the order does not comply with the requirement mandated by Oklahoma Administrative Procedures Act.[6]

I am authorized to state that Justice HARGRAVE concurs in the views expressed herein.

DOOLIN, Justice, dissenting:

The application of and reliance on *Smith v. The Industrial Court*, 408 P.2d 317 (Okl. 1965) and *The Matter of Chad*, 508 P.2d 983 (Okl.1978), by the majority seems misplaced. Not only in *Chad* and *Smith* did the original tribunal attempt a substantial adjustment or change in the rights and position of the litigants after appeal but also, in neither case was there an original application of rights under the administrative procedures act, 75 O.S.1971 § 301, et seq.[1]

I agree that 75 O.S.1971 § 312 as cited by the majority requires findings of fact and conclusions of law in the prescribed manner, in writing or stated into the record. Failure to include same is fatal to the validity of the administrative board's decision.[2]

I cannot agree divestiture is support for the error (if any) of the district judge on appeal under 75 O.S.Supp.1977 § 318(2).

To me, the fact the findings were not known or promulgated until long after the intermediate review or appeal to the district court was perfected is not comparable to the acts of the lower tribunals in *Chad* and *Smith*. I believe 75 O.S.1971 § 320 allows the court (district court) to "permit corrections or additions to the record when deemed desirable." The experienced District Judge in this case has, under his discretionary power, required or permitted modification of the record under the spirit of § 320.

A district judge in his review of the order of an administrative agency has broad discretionary power. He may set aside the order of the administrative board, modify it, reverse or remand it for further proceedings if substantial rights of an appellant have been prejudiced.[3]

Appellants here made no showing of prejudice as required by § 322, no lack of due process or other constitutional infringement was demonstrated. I would affirm the acts of the district judge.

I am authorized to state that Justice SIMMS concurs in the views herein expressed.

**6.** See *Allied Investment Co., Inc. v. Oklahoma Security Comm.*, 451 P.2d 952, 954 (Okl.1969).

**1.** In *Chad* the District Court attempted to vacate an order which was on appeal to the Supreme Court. In *Smith* the Industrial Court attempted to vacate and award to claimant on the same day claimant filed appeal in the Supreme Court. In both *Smith* and *Chad* we rightly held, among other things, that both tribunals had been divested of jurisdiction by the appeal.

**2.** *Brown v. Banking Board*, 512 P.2d 166 (Okl. 1973). See also *Allied Inv. Co. v. Oklahoma Securities Comm.*, 451 P.2d 952 (Okl.1969); *Oklahoma Inspection Bureau v. State Board for Property & Casualty Rates*, 406 P.2d 453 (Okl. 1965).

**3.** 75 O.S.1971 § 322: SETTING ASIDE, MODIFYING OR REVERSING OF ORDERS–REMAND AFFIRMANCE

(1) In any proceeding for the review of an agency order, the Supreme Court or the District or Superior Court, as the case may be, in the *exercise of proper judicial discretion*, or authority, may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it determines that *the substantial rights* of the appellant or petitioner for review *have been prejudiced* because the agency findings, inferences, conclusions or decisions, are: (Emphasis supplied).

(a) in violation of constitutional provisions; or

(b) in excess of the statutory authority or jurisdiction of the agency; or

(c) made upon unlawful procedure; or

(d) affected by other error of law; or

(e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, as defined in Section 10 of this Act, including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or

(f) arbitrary or capricious; or

(g) because findings of fact, upon issues essential to the decision were not made although requested.

(2) . . .

(3) . . .