**Sherre BARTLETT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–318.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1987.

Miles Zimmerman, Meeker, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Sherre Bartlett was convicted in Lincoln County District Court in a nonjury trial of two counts of Obtaining Property by False Pretense. She received two five year sentences which were suspended. She was also ordered to pay restitution of $10,000 in Case No. CRF–83–82 and $24,500 in Case No. CRF–83–83.

Bartlett was charged with obtaining money from two individuals, Raymond Ralstin and Ruby Lee Fredrickson, by misrepresenting to them the purchase price and other significant features of horses she was to acquire for them. In one count, CRF–83–82, appellant is alleged to have obtained $10,000 from Raymond Ralstin. She made certain misrepresentations to him concerning a horse named Babbling Flash which caused Ralstin to give appellant the money.

She told him that the horse was for sale for $45,000, and that she needed to give the owner a deposit of $10,000. She also said she had a banker willing to lend her $50,-000 with which to purchase the horse. She said that if he gave her the $10,000, she would repay him and also give him an interest in Babbling Flash. In fact, the horse was for sale for $30,000 and she required only $3,000 for the deposit. Appellant was never able to obtain a loan, and never repaid Ralstin.

### I.

■ Appellant first contends that she could not be guilty of the offenses because she had a contract with each victim in which she was to provide the valuable consideration of boarding the horses in question. (For reasons discussed below, the conviction in Case No. CRF–83–83 must be reversed.) Appellant does not argue in either case that the excess money she received was actually intended as a fee for her services. Appellant does not provide authority which supports a defense of contractual relationship to Obtaining Property by False Pretense.

The elements of the offense are:

'A false statement of past or existing facts by one person to another with intent to defraud; such statement must be reasonably calculated to deceive that other. It must be so designed as to induce such other to part with his property, and such design must be accomplished, by means of the false pretenses made use of for that purpose.'

*State v. Layman,* 357 P.2d 1022, 1028 (Okl. Cr.1960). The fact that a partnership or joint venture may have existed between appellant and Ralstin does not negate any of the elements of the offense. Even if Bartlett thought the horses were worth the amounts she represented as the purchase prices, she would still be guilty of intentionally defrauding Ralstin and Fredrickson. Indeed, there was sufficient evidence of each element that a rational trier of fact could have found their existence. *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985).

In a second charge, Case No. CRF–83–83, appellant was convicted of Obtaining Property by False Pretense from Ruby Lee Fredrickson. Appellant had told Fredrickson of a horse for sale for $12,000 named Game Baby, which she further stated was in foal to a sire named Shawne Bug. She also said there was a purchaser for the foal willing to pay $6,500. Fredrickson gave her $12,000 to purchase the mare plus $6,500 to pay for the foal. When appellant purchased the horse, she gave the owner a total of only $6,000, having told the seller

that the buyer would not pay the total actual price of $6,500 he was asking. Additionally, the evidence revealed the horse was not in foal to Shawne Bug, but rather to a less valuable sire.

██ Obtaining Property by False Pretense is an offense against title to property and is distinguishable from Larceny by Fraud which is an offense against possession. *Braswell v. State*, 389 P.2d 998 (Okl. Cr.1964). The difference in the evidence is what the victim intended to give the culprit. In regards to Fredrickson, the evidence disclosed her intent to give Bartlett possession only of her money to purchase the horse and foal for her from a third party. It does not appear under the evidence that Fredrickson ever intended to give appellant title to her property as Ralstin had. Instead, appellant was given possession of the money for the limited purpose of buying the horse and foal for Fredrickson. Therefore, the State's evidence fails to support the conviction and the judgment must be reversed.

### II.

██ Next appellant urges that the trial court should have sustained her demurrers to the informations. She asserts that each failed to allege all the elements of the offense of Obtaining Property by False Pretense. She contends there was no allegations that she knew her statements were false. We do not agree with appellant's contention and further note that she waived any error by having entered her plea of not guilty to the charges. *Williams v. State*, 579 P.2d 194 (Okl.Cr. 1978).

### III.

██ Appellant extends her previous assignment by asserting that the informations were so deficient as to place her in danger of being twice tried for a single offense in violation of both the United States and Oklahoma Constitutions. We disagree that the informations were made in conclusory terms. They specifically set forth the names of the horses and parties involved, the specific misrepresentations, and a scenario of the events as they had occurred. See 22 O.S.1981, § 401(2). This assignment is without merit.

### IV.

Appellant's next assignment of error is that her demurrers to the evidence in each case were improperly overruled. As we previously noted, there was sufficient evidence from which a rational trier of fact could have found appellant guilty as regards the offense against Ralstin, but insufficient evidence of the offense charged against Fredrickson. This assignment needs not be addressed further.

### V.

██ Appellant argues that the trial court erred in not honoring her request that each victim be sequestered during the testimony of the other. The rule of sequestering witnesses upon request has long been applied, and it is now codified at 12 O.S.1981, § 2615. This statute specifically provides that the rule will not apply to exclude a party. See Subsection (1). This definition would necessarily extend to a prosecuting witness. *Johnson v. State*, 559 P.2d 466 (Okl.Cr.1977). Therefore, this assignment is without merit.

### VI.

██ Section 743 of Title 22 of the Oklahoma Statutes requires that the false pretense used to obtain another's property must be proved by a false token or writing, or the false pretense be in the handwriting or subscribed by the defendant, or be proved by two witnesses or one witness and corroborating circumstances. Appellant contends the prosecutor failed to satisfy these requirements in each case.

As regards the transaction with Ralstin, appellant entered a stipulation with the State that if Gaylon Wells, the seller of Babbling Flash, were to testify, he would state that he received a deposit of $3,000 for the horse, and Sherre Bartlett later asked for a receipt showing she had paid

$10,000 down on it. His evidence is sufficient corroborating testimony of the misrepresentation. Ralstin also endorsed a check over to Bartlett when he gave her the $10,000. This evidence also is adequate corroboration. *Bradshaw v. State*, 510 P.2d 278 (Okl.Cr.1973).

■ In regard to the offense Bartlett committed against Fredrickson, we find a great deal of evidence corroborating the misrepresentations including a written instrument signed by appellant and Fredrickson. However, this Court held in *Lamascus v. State*, 516 P.2d 279 (Okl.Cr.1973), that the statute requiring corroboration did not apply in prosecutions of larceny by fraud. This assignment is without merit.

### VII.

Next she contends that she received ineffective assistance of counsel during trial citing several instances of deficient performance.

■ Without being specific, she claims that counsel had access to a number of exculpatory documents which he failed to introduce at trial. We are of the opinion that this type of assignment cannot satisfy either prong of the test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by which we are to judge ineffectiveness of counsel. Not only must counsel's performance be deficient, it must have prejudiced the defense such as to cause a breakdown in the adversary process with the result being unreliable. *Id.* at 686, 104 S.Ct. at 2064.

■ Appellant claims it was error for defense counsel to stipulate to the testimony of two witnesses. We note the record indicates that defense counsel stipulated to the testimony of only one witness, and that this witness had previously testified at the preliminary hearing. The stipulation was entered in order to avoid delaying the trial. We are unable to discern a deficiency in performance on this point.

■ Finally under this assignment of error, appellant claims that she was preju-

diced because she failed to appear in court at the time of trial because her attorney failed to advise her of the correct time. She claims that the trial judge's disposition was adversely affected as a result. We note that on the record the trial judge asked why appellant should not be held in contempt of court, and when the misunderstanding was explained, he dropped the matter. She further complains that her counsel failed to appear for appellant's sentencing. But it does not appear that the trial judge held appellant personally responsible. She received suspended sentences and was ordered to pay restitution commensurate with the amounts wrongfully obtained. We detect no prejudice.

### VIII.

Next, appellant contends that the trial court erred in not sustaining her motion for new trial based upon the previously cited errors. But we have found no errors warranting a new trial except as to the offense against Fredrickson. Otherwise, this assignment is without merit.

### IX.

■ Appellant contends that the trial judge abused its discretion in giving her suspended sentences as opposed to deferred sentences. She recognizes that under the authority of 22 O.S.1981, § 991c, that the decision to defer sentencing is discretionary. This Court is not shocked by the sentence imposed, and finds no abuse of its discretion. *Bolton v. State*, 665 P.2d 854 (Okl.Cr.1983).

### X.

■ Appellant's final assignment of error is that the trial court's order that Bartlett pay restitution totaling $34,500 within one year amounted to an excessive fine.

Payment of restitution is not payment of a fine. The court's authority to order restitution is provided by 22 O.S.Supp.1985, § 991a. Subsection (A)(1)(a) provides that restitution may be ordered if a defendant

agrees to pay it or if defendant is able to pay it "without imposing manifest hardship on defendant or his immediate family...." Since this Court is reversing the conviction in Case No. CRF–83–83, the amount of restitution now due within the year will be only $10,000.

Appellant does not indicate why she would be unable to pay restitution, or how much she would be able to pay. However, on the record, we cannot say that the trial judge abused his discretion in ordering the restitution that he did.

The judgment and sentence in Case No. CRF–83–82 is therefore AFFIRMED, and that in Case No. CRF–83–83 is REVERSED.

BRETT, P.J., concurs.

PARKS, J., concurs.