**Mannix DeRoin BARNES, Appellant,**

v.

**UNIVERSITY OF OKLAHOMA, University of Oklahoma Health Sciences Center, University of Oklahoma College of Dentistry, University of Oklahoma Board of Regents, University of Oklahoma Academic Misconduct Board, Appellees.**

No. 82394.

Court of Appeals of Oklahoma, Division No. 3.

Jan. 24, 1995.

Gordon W. Edwards, Jr., Oklahoma City, for appellant.

James M. Robinson, University of Oklahoma, Norman, for appellees.

## OPINION

ADAMS, Judge:

Appellant Mannix DeRoin Barnes filed a petition against Appellees, the University of Oklahoma, the University of Oklahoma Health Sciences Center, the University of Oklahoma College of Dentistry, the University of Oklahoma Board of Regents, and the University of Oklahoma Academic Misconduct Board (collectively, Agency), seeking judicial review of an administrative order rendered in an individual proceeding, pursuant to the provisions of the Administrative Procedures Act, 75 O.S.Supp.1992 § 309 et seq. After the trial court affirmed Agency's final order that permanently expelled Barnes from the College of Dentistry, Barnes filed this appeal.

■ In reviewing a trial court order in a judicial review proceeding, our task, like that of the trial court, is to determine if the administrative agency's final order, upon review of the entire record, is predicated upon substantial evidence and whether the order resulted from procedures which complied with the law and were free of prejudicial error. *See Brown v. Banking Board,* 579 P.2d 1267 (Okla.1978) and *Seely v. Oklahoma Horse Racing Commission,* 743 P.2d 685 (Okla.App.1987). None of Barnes' arguments on appeal relate to the substantial evidence requirement. Therefore, our review is limited to determining whether Agency or the trial court failed to follow proper procedures with resulting prejudice to Barnes. Because Barnes fails to demonstrate the existence of any such error, we affirm.

## FACTS

The University of Oklahoma Academic Misconduct Board (Board) conducted a hearing on May 25, 1993, to consider misconduct charges against Barnes. The Dean of the University of Oklahoma College of Dentistry notified Barnes, by letter dated June 14, 1993, that the Board had unanimously determined that he was guilty of assisting another dental student to cheat and had recommended expulsion. Agreeing with the Board's decision, the Dean further informed Barnes that he was dismissed from the College of Dentistry, effective June 14, 1993, and that, pursuant to the Academic Misconduct Code, he had a right to appeal the decision to the College Provost.

Barnes did so, by letter dated July 8, 1993, claiming he was denied a fair hearing because of numerous procedural errors that took place during both the investigative process and the individual proceeding. On July 14, 1993, alleging basically the same errors

as in his appeal to the Provost, Barnes filed a petition for review of Agency's order in the District Court.

On August 13, 1993, apparently before receipt of the Provost's August 12, 1993 letter denying Barnes' appeal, Barnes filed an application requesting a stay of Agency's order until the Provost made a decision, or, in case of an adverse decision, until review by the District Court. His basis for the stay was that he would suffer irreparable harm if he were not allowed to start dental classes in five days. The trial court temporarily granted the stay and set a hearing for August 23, 1993.

On August 19, 1993, Barnes submitted to the trial court an unofficial transcript and the exhibits from the May 25, 1993 administrative hearing. On August 23, 1993, instead of the hearing for continuation of the stay order, both parties agreed to proceed with a full hearing on the merits. After review of the exhibits and transcript and hearing additional testimony concerning alleged procedural irregularities, the trial court determined that the evidence failed to support Barnes' contention that the individual proceeding held on May 25, 1993, denied him substantive due process or any other constitutional right. The trial court further found that the Dean's letter did not comply with the provisions of 75 O.S.Supp.1992 § 312, which requires a final agency order to include separately stated findings of fact and conclusions of law. The trial court initially granted Barnes' request to reverse Agency's order, but changed its decision later that same day and, by order filed August 26, 1993, remanded the matter back to the Board with instructions to enter a final order in compliance with § 312 on or before September 2, 1993. Agency complied.

At a hearing held on September 8, 1993, the trial court re-affirmed its prior August 23, 1993 findings, and then specifically found that Barnes had received written notice of the charges brought against him, was represented by counsel, had adequate time to prepare his defense, did confront and cross examine his accusers, and did in fact receive substantive due process in all respects in connection with the May 25, 1993 hearing.

The trial court further found that the final agency order, consisting of the Dean's letters of June 14, 1993, and September 2, 1993, complied with § 312 and that the factual basis for the decision was supported by "competent material, admissible substantive evidence." After determining that expulsion was an authorized punishment for academic misconduct, the trial court affirmed Agency's final order. This appeal followed.

## ANALYSIS

Barnes made six allegations in his Petition in Error, but did not address one of them in his brief. As a result, we consider the unbriefed allegation abandoned. *Perry v. Meek*, 618 P.2d 934 (Okla.1980). Barnes' Brief in Chief includes six propositions. Three address alleged errors which occurred for the first time during initial judicial review, and the last three allege errors by the Board during the individual proceeding.

Barnes' Proposition I and II contain essentially the same argument. Barnes claims the trial court violated 75 O.S.1991 § 322 when it found that the lack of findings of fact in the Dean's June 14, 1993 letter was only procedural error and remanded the matter back to Agency with instructions to enter a final order that would comply with § 312. As Barnes interprets § 322(1), a determination by the trial court that the agency order lacked § 312 findings of fact and conclusions of law is consistent only with the determination that Barnes' substantial rights have been prejudiced, and therefore, the trial court's only alternative was to "reverse and remand the order to the agency for further proceedings."

In support of his argument, Barnes cites numerous cases for the following "fundamental" rule—The absence of § 312 findings of fact and conclusions of law is a matter of substance, not a mere technicality, and therefore, is fatal to the validity of an administrative decision even if the record discloses evidence to support proper findings. *See Baumgardner v. State ex rel. Department of Human Services*, 789 P.2d 235 (Okla.1990); *Jackson v. Independent School District No. 16 of Payne County*, 648 P.2d 26 (Okla.1982);

*Roussel v. State ex rel. Grimes,* 614 P.2d 53 (Okla.1980); *Brown v. Banking Board (Brown II),* 579 P.2d 1267 (Okla.1978); *Brown v. Banking Board (Brown I),* 512 P.2d 166 (Okla.1973); and *Allied Investment Company, Inc.,* 451 P.2d 952 (Okla.1969).

Considering the underlying purpose for the required findings of fact and conclusions of law expressed in the cases cited by Barnes, we do not interpret the rule to limit the trial court's authority to send a final order back to the agency to make the necessary findings before determining whether it is based on substantial evidence. The *Jackson* Court, 648 P.2d at 31, stated:

[w]here the school board, acting in a quasi-judicial capacity might have based its resolution on any or all of several grounds, findings of fact are vital to prevent substitution of the reviewing court's judgment for that of the school board's. Without findings of fact, the trial court had no way of knowing upon which of the four charges the school board based its decision. If the trial court were to review the merits of the case without findings of fact, there would be no safeguard against judicial encroachment on the school board's function since the trial court might affirm on a charge rejected by the school board.

The *Roussel* Court, 614 P.2d at 58, explained the reason for the requirements of § 312:

The underlying rationale of such a requirement is to enable reviewing courts to intelligently review the orders of administrative agencies and ascertain if the facts and law upon which the order is based afford a reasonable basis for the order.

Likewise, the *Brown II* Court, 579 P.2d at 1273, explained:

The clear purpose of the requirement that an administrative board, . . . set forth its findings of fact and conclusions of law with precision is to enable a reviewing judicial body to determine if the administrative decision, upon reviewing the entire record, is predicated upon "substantial evidence."

■ Referring to the lack of findings of fact in the Banking Board's order which the Court of Bank Review had affirmed, the *Brown I* Court, 512 P.2d at 169–170, stated:

If it is necessary that findings of fact be made, they *must* be made by the Board. Even though the Court of Bank Review, and now this Court, has the transcripts of the case before it and all the evidence is available, *the Court should not have to speculate as to the basis for the Board's decision in this case.* (Emphasis added).

From these cases, we conclude the fundamental rule simply means that a trial court order affirming an agency order that lacks findings of fact and conclusions of law will not be sustained *even if* the record supports the agency order. If the trial court had affirmed the Dean's June 14, 1993 letter which lacked findings of fact and conclusions of law, we would reverse. Instead, having determined that Barnes received a full and fair hearing, the trial court sent the case back to Agency with directions to comply with § 312.

A reviewing court may reverse, modify or remand the decision of an administrative agency for the various reasons stated in 75 O.S.1991 § 322. *Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Commission,* 764 P.2d 172 (Okla.1988). The trial court affirmed Agency's order issued after remand only after determining that the order complied with § 312. The trial court committed no error in remanding the case to Agency without reversing its substantive decision.

■ In Proposition III, Barnes argues Agency's failure to transmit the "whole record" to the trial court violated 75 O.S.Supp. 1992 § 320 and his substantive due process rights. He argues this violation is grounds for reversal and reinstatement into dental school, because he "was unable to prepare [his] case before the Review Court regarding objections and issues brought forth before the Board." However, Barnes fails to specify the exact objections and issues for which he was allegedly unable to prepare.[1] We will

1. In the trial court, Barnes argued his objections to allowing the complaining witnesses to be pres-

ent during the Agency hearing after the "rule" had been invoked were not included in the tran-

not search the record for prejudicial error that is not clearly pointed out in the brief of the complaining party. *Peters v. Golden Oil Co.,* 600 P.2d 330 (Okla.1979).

Barnes' Proposition IV concerns the exclusion of Barnes' witnesses during the individual proceeding while the three students who filed the complaint against Barnes were permitted to remain during each others' testimony. Barnes argues Agency's actions violated "due process substantive rights" and are grounds for reversal and his reinstatement into dental school.

■■■ Barnes' argument pertains to what is usually referred to as "invoking the rule." As the Rule of Sequestration has been codified in Oklahoma, 12 O.S.1991 § 2615, it does not apply to exclude "parties," and this exception has been held to cover prosecuting witnesses. *See Bartlett v. State,* 733 P.2d 1350 (Okla.Cr.1987). Furthermore, the strict rules of evidence are not necessarily applicable to an administrative hearing. *McDonald's Corp. v. Oklahoma Tax Commission,* 563 P.2d 635 (Okla.1977). We find no error in the trial court's conclusion that Agency's evidentiary procedures did not violate Barnes' substantive rights or result in prejudicial error.

In Proposition V, Barnes claims Agency violated 75 O.S.1991 § 309(B) and (C), by not furnishing him with "proper and accurate allegations against him within reasonable notice." After quoting both subsections in full, his entire argument is contained in one sentence—"Appellant was prejudiced by new allegations against him and contends that the Appellees violated their own Code as well." However, Barnes' brief does not identify the "new" allegations or provide any record references to demonstrate the validity of these assertions. We will not search the record for prejudicial error not clearly pointed out and insisted on in the brief. *Griggs v. Reeser Motor Co.,* 159 Okl. 279, 16 P.2d 252 (1932).

■■ In his final proposition, Barnes argues that Agency violated 75 O.S.1991 § 313

when it allowed a faculty member, Dr. A, to discredit him and "give a damaging untrue closing argument at the hearing" against Barnes. Barnes argues Dr. A admitted talking to potential witnesses about the case. Section 313 restricts communications between agency members or employees assigned to render a decision or to make findings of fact and conclusions of law in an individual proceeding and any party or their representative, unless required for the disposition of ex parte matters authorized by law. Although he was an Agency employee, the record clearly shows Dr. A was not a member of the Board and had no decision-making or fact-finding responsibilities. The trial court correctly concluded Agency did not violate § 313.

In this same proposition, Barnes claims Dr. A's participation violated § 1.3(1) and § 1.2(b) of Agency's Academic Misconduct Code. However, Barnes' brief does not explain how Dr. A's participation violated the cited sections of the Academic Misconduct Code, and their application to Dr. A's actions is not apparent. Barnes has failed to demonstrate any error.

## CONCLUSION

Barnes has not demonstrated that any prejudicial error occurred in the Agency proceedings or that the trial court erred in its review of Agency's final order. The trial court's order is affirmed.

AFFIRMED.

GARRETT, C.J., and HUNTER, J., concur.

---

script which he submitted to the trial court. The trial court heard evidence which indicated these objections were made prior to the hearing "out in the hall." The trial court considered the ob-

jection on its merits. Barnes was not prejudiced by the fact this objection was not in the transcript.